UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO


Amber M Meriam, Plaintiff,
Last known address
13392 E Stanford Cir M10,
 Aurora, CO 80015
alaskagirl_amm@yahoo.com
970-817-3396

vs.

Colorado Health Network, Defendant          Case No.: COMPLAINT JURY TRIAL
6260 East Colfax Ave,  Denver, CO 80220

NATURE OF THIS ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 is to correct unlawful employment practices on the basis of age and religion,and disability to provide appropriate relief to Amber Meriam, who was adversely affected by such practices after being assaulted by a transient person in the parking lot who multiple employees noted on the morning of the assault to receive the ADA condition while on break. As alleged with greater particularity below, the plaintiff alleges Colorado Health Network ("Defendant" or "CHN") discriminated against Amber Meriam (Plaintiff) on the basis of their age, 46, religion, Pagan, and disability, traumatic brain injury, against other members of the staff who have expressed interest in coming forward to be harassed at work with the inability to discuss staff safety by hiring a registered sex offender and previous clients bring in a weapon to the place of employment to start a union while protecting the clients diagnosis which could potentially negatively impact them and the staffs safety was a topic of many trainings while employed to favor the clients over the employees safety. The creation of a hostile work environment through harassment and subsequent retaliation as parallel  *EEOC v. Zoria Foods, Inc., Z Foods, (2013)*. As incident on the online application, which unable to access to confirm clicking ADA accommodations the plaintiff would further request under the Freedom of Information Act ("FOIA" or "Act"), 5 U.S.C. § 552 to have access to the employment records to be able to confirm the statements made in this brief.

Furthermore, the plaintiff asserts that the creation of a hostile work environment through harassment by hiring an outside source seeks relief by releasing the employment files relating to Equal Employment Opportunity Commission ("EEOC") charge number 541-2024-04510 as there seems to be some data entry errors within the EEOC as the plaintiff clearly filed the charges in 2024 while still employed and the harassing behaviors started in late August and the plaintiff is still recovering from the traumatic brain injuries they received and able to self diagnosis at this time while attempting to work with human resources to develop acceptable ADA accommodations as in *Donna M. Jones v Fairfax County School Board (2024),* it seems teachers are not welcome as I learn and grow after being assaulted and having asthma.

.

### JURIDICTION AND VENUE

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000  and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 the plaintiff believed the harassment to alter the conditions of the victim's employment and create an abusive working environment to the point that going into the place of employment was no longer enjoyable with the constant harassment and abuse similar to *Golding v Sippel and The Laundry Chute Pty Ltd (2021)*

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

Plaintiff sought relief from the Equal Employment Opportunity Commission (the "Commission"), and the EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 and of Title VII, 42 U.S.C. § 2000 in timely filing and had been through the process previously is requesting the courts look at the process of this filing and extraordinary amount of time having to wait for the initial intake appointment. The plaintiff asserts the case was filed and willing to testify it was entered in NLRB.org on August 30, 2024 after the assault took place and harassment began without relief from the newly appointed human resources director waiting to work with

the plaintiff after the program director allegedly and engaged in direct falsehoods about the plaintiff.

At all relevant times, Defendant Colorado Health Network has continuously been doing business in the State of Colorado and the City of Denver, and has continuously has at least 15 employees.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §§ 2000

<u>STATEMENT OF CLAIMS</u>

More than thirty days prior to the institution of this lawsuit, the plaintiff filed a charge with the Defendant alleging violations of Title VII by Defendant and confirms knowledge of the subcounter that was brought in with the current federal administration and not desiring the plaintiffs information shared and believes while this particular case and court may not be able to grant relief noted in this brief the plaintiff believes the online presence was compromised as the exhibits show the errors in the filing date and would use this brief and *United States v. Armstead (2008)* identifying the plaintiff as a victim.

Since at least July 2024 ,CHN has engaged in unlawful employment practices at its Denver, Colorado facility in violation of Title VII, 42 U.S.C. § 2000. These practices include discriminating against the plaintiff on the basis of their age ,religion, and disability on the basis of her association with other members of the staff who expressed interest in forming a union as in *Marquez v. Screen Actors Guild, (1998)* fair representation was not honored.The plaintiff worked with the Program Director to build a more cohesive culturally sensitive working environment so the other members of the staff knew what the roles were in the process of onboarding and being assaulted. The plaintiff encouraged a Friday office breakfast potluck after the pandemic had left the staff with gross mismanagement before the plaintiff started on July 5, 2024. Where a harassment claim arises out of a supervisor's conduct, "there are four elements of a hostile working environment claim:(1)that the employee belongs to a protected class; (2) that the employee was subject to unwelcome harassment; (3)that the harassment was

based on [a protected characteristic]; and (4) that the harassment affected a 'term, condition, or privilege' of employment. The plaintiff was harassed after the direct supervisor encouraged the plaintiff to return to work out of fear of not achieving the 40 hour week after an ADA condition was received at the place of employment which should have been able to engage in more recovery time, but felt pressured to meet metrics as designed by the defendant and harassment was encouraged by the program director to get the plaintiff to conform to the supervisors style of approaching the role while disregarding the proper protocols when shadowing the supervisor when trade secrets were disclosed to the plaintiff and the harassing erratic behavior of the supervisor did not create a cohesive working environment was not as bad as *EEOC v. United Airlines, Inc* heard in this district court the plaintiff asserts the hostility that led the plaintiff's resignation. The plaintiff is aware of other members of the staff who had the same concerns of the supervisor and since left employment with the defendant after their experiences and expressed interest in detailing their own experiences. While this brief is about the plaintiff they feel the courts should be aware of other pending cases of the EEOC regarding this employer. The plaintiff would request relief from the courts to include future plaintiffs while they engage with the EEOC about alternative therapies so clients do not experience toxic side effects of a medication while not committing a felony.

<u>PRAYER FOR RELIEF</u>
Wherefore, the Paltniff respectfully requests that this Court:
Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race discrimination and any other employment practice which discriminates on harassment of the employees discussing activities to form a union to protect from clients who are in cycles of various trauma inflected by the system that is designed to support them. The plaintiff believes in trauma informed care, such as Dr Dana Crawford, a licensed clinical psychologist in the state of New York has published. The plaintiff further states that a more cohesive, trauma informed approach to aid the function in the defendant in a more efficiently designed workflow by using lesser known therapies such as sound could have been reached had the plaintiff not been assaulted and harassed to the point of

leaving to get relief from the art that the plaintiff turned to while employed to lead to their targeting by management to because the client has expressed that they wanted the "girl with the TBI" fired. The plaintiff attempted to tie the client's dementia to their diagnosis and realized the gross misstep of discussing ADA conditions with the staff as they expressed interest in their wellbeing. While the plaintiff did not have a Colorado DORA approved Professional License the vast knowledge of their various reading habits might afford her some of what the industry deems continuing education credits and be able to sit for an exam to obtain one without formal education. The plaintiffs discrimination of progressive and out of protocol while dealing with an ADA condition might not have led to harassment such as *EEOC v. Rivers Edge Enterprises, LLC, (2024).* Furthermore, since the events of the departure the plaintiff requesting electronic filing privileges be reinstated, and communication with the courts be via electronic means as the plaintiff is experiencing housing instability and the above listed address is one the court is needed to establish for the filing as vagrancy laws cast a net so wide that the innocent as well as the guilty as described in *Papachristou v. City of Jacksonville (1972).*

### JURY TRIAL DEMAND
The plaintiff requests a jury trial on all questions of fact raised by its Complaint.

S/ Amber M. Meriam, pro se